FILED
DISTRICT COURT
DISTRICT OF MARYLAND

2006 NOV -3  A 7: 53

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

ELIZABETH VON STEIN,           *

    Plaintiff,              *

v.                             *   CIVIL NO.: WDQ-06-1867

THE AMERICAN RED CROSS         *
    FREDERICK COUNTY
    CHAPTER, ET AL.,           *

    Defendants.             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Memorandum Opinion and Order

Elizabeth Von Stein has sued the National American Red Cross ("National") and the American Red Cross Frederick Chapter (the "Chapter") for failure to pay overtime in violation of the Maryland Wage and Hours laws[1] and the Fair Labor Standards Act,[2] and for her termination in violation of the Family and Medical Leave Act of 1993[3].

For the reasons stated below, the Court will grant Von Stein's pending motions for leave to file a sur-reply and to proceed *pro se* and the motion to withdraw filed by Von Stein's counsel, Mindy G. Farber and Farber Legal, LLC ("Farber").

---

[1] Md. Empl. and Labor Code Ann. §§ 3-420 *et seq.* (the "MWHL")

[2] 29 U.S.C. §§ 201, *et seq.* (the "FLSA")

[3] 29 U.S.C. §§ 2601 *et seq.* (the "FMLA")

1

I.  Motion for Leave to File Sur-Reply

As National does not oppose Von Stein's motion to file a clarification of issues (the "Clarification") and the motion was filed after her decision to proceed *pro se*, the Court will grant this motion. Accordingly, the Court will consider the arguments presented in Von Stein's Clarification. Given the change in focus contained in the Clarification, the Court will also consider: 1) National's response to the Clarification; and 2) Von Stein's reply to the response. Additional filings, however, will require leave of Court.

II. Proceeding *Pro Se*

Von Stein has filed a motion to proceed *pro se*, arguing that proceeding with private counsel is financially prohibitive and requesting exemption from the requirements of electronic filing. No opposition has been filed; in fact, her counsel subsequently filed a motion to withdraw. As a result, Von Stein's motion to proceed *pro se* will be granted.

Electronic Filing Requirements and Procedures section I.B. states that electronic filing by counsel or parties will not be permitted in all cases when the plaintiff is proceeding *pro se*. Moreover, if a plaintiff becomes *pro se* because counsel has been granted leave to withdraw, there is a presumption that the case is no longer subject to electronic filing. Accordingly, Von Stein is exempt from the requirements of electronic case filing.

Local Rule 101.2.a allows counsel to withdraw with leave of Court if: 1) other counsel has appeared or 2) if withdrawing counsel has filed a certificate stating: a) the name and last known address of the client, and b) that appropriate notice has been sent to the client. Filing a certificate insures that the client knows of the withdrawal; here, Von Stein has moved to proceed *pro se*. Accordingly, Farber's motion will be granted.

For the reasons discussed above, it is, this 2 day of November, 2006, ORDERED that:

1. Von Stein's motion to proceed Pro Se (Paper No. 15) BE, and HEREBY IS, GRANTED,

2. Mindy G. Farber and the law firm of Farber Legal, LLC's motion to withdraw (Paper No. 19) BE, and HEREBY IS, GRANTED.

3. Von Stein's motion for leave to file sur-reply (Paper No. 16) BE, and HEREBY IS, GRANTED,

4. The Clerk of the Court shall send copies of this Memorandum Opinion and Order to counsel for the parties.

                                           William D. Quarles, Jr.
                                           United States District Judge