IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                              *
ELIZABETH VON STEIN,
                              *
     Plaintiff,
                              *     CIVIL NO.: WDQ-06-1867
v.
                              *
THE AMERICAN RED CROSS
     FREDERICK COUNTY         *
     CHAPTER, ET AL.,
                              *
     Defendants.
                              *
```

*     *     *     *     *     *     *     *     *     *     *     *     *

Memorandum Opinion

Elizabeth Von Stein has sued the National American Red Cross ("National") and the American Red Cross Frederick Chapter (the "Chapter") for failure to pay overtime in violation of the Maryland Wage and Hours laws[1] and the Fair Labor Standards Act,[2] and for her termination in violation of the Family and Medical Leave Act of 1993[3].

Pending is National's motion to dismiss, or in the alternative, for summary judgment. Also pending is Von Stein's motion for continuance to conduct discovery. For the reasons stated below, Von Stein's motion will be granted, and National's

---

[1] Md. Empl. and Labor Code Ann. §§ 3-420 *et seq.* (the "MWHL")

[2] 29 U.S.C. §§ 201, *et seq.* (the "FLSA")

[3] 29 U.S.C. §§ 2601 *et seq.* (the "FMLA")

1

motion will be denied without prejudice.

I.    Background

In 2001, Von Stein began working for the Chapter as an Executive Assistant.  Opp. Mem. Ex. 1 (Affidavit of Von Stein ¶ 1).  Von Stein worked overtime hours in preparation for fundraising events; board meetings; and emergencies including, *inter alia*, Hurricanes *Katrina* and *Isabelle* and the South Asian Tsunami.  Compl. at ¶¶ 4, 5.  Von Stein allegedly did not receive overtime pay for this work.  *Id*. at ¶ 20.

On July 15, 2005, Von Stein suffered an injury avoiding a falling ceiling tile while at work.  *Id*. at ¶ 6.  The defendants did not inform Von Stein of her rights under the FMLA.  *Id*. at ¶ 11.  As a result of the accident, Von Stein had several health problems for which she received treatment that included physical therapy during the workday.  *Id*. at ¶¶ 8, 12.   On November 10, 2005, the defendants allegedly contacted Von Stein's physical therapists and requested that her visits be reduced from three to two per week.  *Id*. at ¶ 13.

In December 2005, Von Stein filed a claim with the Maryland Workers' Compensation Commission and, a month later, was fired. *Id*. at ¶ 14, 15.

II.   Analysis

A.   Motion for Summary Judgment

National argues that it is not liable for the Chapter's employment actions involving Von Stein because: 1) National is not her employer; and 2) National cannot be liable under a theory of *respondeat superior* for the Chapter's actions.  Von Stein originally responded by arguing that: 1) National could be considered her employer; and 2) National is liable for the Chapter's actions under the theory of *respondeat superior*.

The parties cited and discussed several tests for determining whether National, like the Chapter, employed Von Stein.  When Von Stein chose to proceed *pro se*, she abandoned her theory of direct employment by National, stating "I am pleased to state on the record that I *was not*, at any time, an employee of [National]."  Clarification of Issues Related to Liability of Def. Nat'l Amer. Red Cross (Paper No. 16) at 1 (the "Sur-Reply").

She instead focused her argument solely on a theory of *respondeat superior*, and argued that National was liable because of an agency relationship it had with the Chapter.  *Id*. at 2. The Court liberally construes *pro se* pleadings and papers.  *Phair v. Montgomery County Public Schools*, 3 F.Supp.2d 644, 645 (D. Md. 1997).  Von Stein essentially argues that there is a genuine issue of material fact whether National and the Chapter shared an agency relationship.

3

1.   Standard of Review

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The opposing party, however, must produce evidence upon which a reasonable fact finder could rely. *Celotex*, 477 U.S. at 317. The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

In Maryland, it is a question of law whether there is "adequate evidence of an agency relationship to survive summary judgment." *Brooks v. Euclid Systems Corp.*, 151 Md.App. 487, 507 (2003), *cert. denied*, 377 Md. 276 (2003). However, if a party produces legally sufficient evidence of an agency relationship, agency becomes a question of fact for the jury. *Faya v. Almaraz*, 329 Md. 435, 460 (1993).

4

2.   Agency

National argues that: 1) *respondeat superior* is limited to employer/employee relationships; and 2) it lacked the requisite control over the Chapter for agency to exist.

Von Stein bears the burden of proving an agency relationship.  *Hawkspere Shipping Co. Ltd., v. Intamex, S.A.*, 330 F.3d 225, 235 (4th Cir. 2003).  Of course, an agency relationship need not be limited to just an employer/employee or contractor/subcontractor relationship.  *Patten v. Board of Liquor License Comm'rs. Balt. City*, 107 Md.App. 224, 238 (1995).  Moreover, agency may be actual or apparent.

a.   Actual Agency

An actual agency relationship exists when: 1) the agent is subject to the principal's control; 2) the agent has a duty to act primarily for the benefit of the principal; and 3) the agent has the power to alter the legal relations of the principal.  *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 498 (4th Cir. 1998) (*citing Patten*, 107 Md.App. 224).

In assessing control, courts have focused on whether the principal exercised any control over the day to day operations of the purported agent.  *Hofherr v. Dart Industries, Inc.*, 853 F.2d 259, 262 (4th Cir. 1988).

Viewing the evidence in the light most favorable to Von Stein, it appears that National exerts some degree of control

over the Chapter.  For example, National controls marketing terms
and content and designs marketing campaigns for its chapters.
Von Stein Aff. ¶ 17.  In addition, National conducts advertising
audits to ensure that chapters are in compliance with its
guidelines.  *Id*. at ¶ 18.  Moreover, National sets fundraising
guidelines that the Chapter must follow.  *Id*. at ¶ 19.

National, however, has pointed to evidence that it does not
control the Chapter.  The Board of Governors of National and the
Board of Directors of the Chapter are separate and distinct
entities without overlapping memberships.  Supp. Mem. Ex. 1
(Declaration of the Chapter's Executive Director, Leah Crace ¶
5).  The members of the Chapter's Board are chosen by the
Governance Committee of the Chapter's Board, not by anyone at
National.  *Id*.  Moreover, the officers of National and the
Chapter are separate individuals.  *Id*. ¶ 6.

The Chapter has sole authority over its financial matters.
*Id*. ¶ 8.  It establishes its budget, pays its bills, maintains
its payroll and pays employees with funds drawn in its name.  *Id*.
¶ 8.  Further, the Chapter raises its funds in efforts separate
from those of National and receives no money for its operations
from National.  *Id*. ¶ 8.

It is not enough that National retain general control over
the Chapter's efforts.  *See Schramm v. Foster*, 341 F.Supp.2d 536,
546 (D. Md. 2004).  To subject National to vicarious liability,

6

"the key element of control, or right to control must exist in respect to the very thing from which the injury arose." *Id.* (internal citations omitted).  Thus, it is of the utmost importance that the Chapter independently makes all hiring, training, discipline, firing and benefits related decisions regarding its employees.  Crace Decl. ¶ 14.  In particular, Crace asserts that National made no decisions regarding Von Stein's employment and that the Chapter made those decisions alone.  *Id.* ¶¶ 4, 15.

The limited control that National exerts over fundraising and marketing appears to be insufficient to subject National to liability for the Chapter's acts relating to Von Stein's employment, given the Chapter's freedom to conduct its daily affairs, particularly with respect to employment decisions.

b.  Apparent Agency

National could also be liable under an apparent agency theory.  Apparent agency exists when: 1) the principal by its acts and conduct holds out the purported agent as being authorized to act in the principal's behalf; and 2) a third party relies in good faith upon that representation.  *Hofherr*, 853 F.2d at 262; *see also Med. Mut. Liability Ins. Soc. of Maryland v. Fire, Marine & Island Ins. Co.*, 37 Md.App. 706, 720 (1977).

The evidence fails to show that National acted in a way that suggested to Von Stein that the Chapter was authorized to employ

her on National's behalf; in fact the evidence suggests that the
Chapter hired for itself, not for National.  Moreover, Von Stein
stated that she was hired, employed and fired only by the
Chapter.  Sur-Reply at 1-2.  Even assuming--without evidence--
that National acted in a way to satisfy the first element, no
reasonable jury could find that Von Stein relied on National
being the Chapter's principal when she made her employment
decisions (e.g., to seek employment at the Chapter, to work
overtime, or to file a workers' compensation complaint).

At this time, there is insufficient evidence for a jury to
conclude that the Chapter is an agent of National.

B.   Motion for Continuance

Under Rule 56(f) a continuance should be granted and summary
judgment refused "where the nonmoving party has not had the
opportunity to discover information that is essential to his
opposition."  *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d
191, 196 (4th Cir. 2006) (internal citations omitted).  A rule
56(f) motion should be denied, however, if "the additional
evidence sought for discovery would not have by itself created a
genuine issue of material fact sufficient to defeat summary
judgment."  *Id*. (quoting *Strag v. Bd. of Trustees*, 55 F.3d 943,
954 (4th Cir.1995)).

Von Stein seeks discovery related to: 1) who paid for the
Chapter's counsel at Von Stein's workers' compensation hearing;

and 2) the reason an attorney for National attended that hearing. Declaration of Von Stein (Paper No. 26) ¶ 5.  She contends that discovery related to these issues will allow her to prove an agency relationship.  In addition, Von Stein has identified a Red Cross employee orientation presentation on National's website that she argues provides ample evidence of an agency relationship.  *Id*. ¶ 7.

Although the Chapter may act on National's behalf when responding to emergencies, this is not enough to establish agency.  The discovery sought, however, may show that National controlled the Chapter or that the Chapter acted on National's behalf with respect to the employment decisions at issue in this case.  Indeed, if National paid for the Chapter's counsel at the hearing that would suggest control.  Moreover, whether National's attorney attended the hearing to ensure that the Chapter followed National's employment policies could bear on a finding of agency.

Although Von Stein has abandoned her claim of direct employment by National, she may be able to demonstrate that National directed Chapter's employment decisions and thereby establish National's liability for the Chapter's conduct.

9

III. Conclusion

For the reasons discussed above, Von Stein's motion for continuance will be granted, and National's motion for summary judgment will be denied without prejudice.


November 29, 2006                              /s/
Date                                William D. Quarles, Jr.
                                    United States District Judge